**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PESTICIDE ACTION NETWORK
NORTH AMERICA; et al.,

Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,

Respondent.

No. 14-71514

MEMORANDUM[*]

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted May 9, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Pesticide Action Network North America, United Farm Workers, and

Pineros y Campesinos Unidos del Noroeste ("Petitioners") petition for review of

the Environmental Protection Agency's ("EPA") partial denial of their

administrative petition, "Pesticides in the Air – Kids at Risk: Petition to the EPA to

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Protect Children from Pesticide Drift." We have jurisdiction under 7 U.S.C. §136n(b). The EPA's order "shall be sustained if it is supported by substantial evidence when considered on the record as a whole." *Id.*

Substantial evidence supports the EPA's decision to deny Petitioners' request that the EPA "immediately adopt interim prohibitions on the use of toxic drift-prone pesticides such as organophosphates and n-methyl carbamates near homes, schools, parks, and daycare centers or wherever children congregate." Viewed as a whole, the record adequately supports the EPA's conclusion that the imposition of uniform buffer zones is not the most "scientifically appropriate" method for mitigating the risk of exposure to pesticide drift.

The record generally suggests that the risk of exposure to pesticide drift depends on a number of factors, including pesticide toxicity, the method of pesticide application, the size of pesticide droplets, and weather conditions. Based on this evidence, the EPA could reasonably conclude that Petitioners' proposal of uniform buffer zones for a large number of pesticides would not adequately address the variable risk of exposure to pesticide drift without unnecessarily curtailing some safe pesticide use. Petitioners did not request any interim relief tailored to prevent demonstrated drift by specific pesticides, and thus Petitioners' evidence that some unsafe pesticide drift occurs does not establish that the EPA's

order was unsupported by substantial evidence. Moreover, to require the immediate imposition of uniform buffer zones would likely divert limited agency resources from the risk assessment process and disrupt the EPA's established process for evaluating the safety of pesticide registrations and tolerances. Therefore, substantial evidence supports the EPA's determination that, as a matter of science and policy, the immediate imposition of interim buffer zones is not an appropriate means of mitigating the risk of children's exposure to pesticide drift.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] The Food Quality Protection Act of 1996 required the EPA to determine each food-use pesticide's eligibility for reregistration and to review the safety of all food-use pesticide tolerances or exemptions by August 3, 2006. *See* 7 U.S.C. § 136a-1(g)(2)(A)(i); 21 U.S.C. § 346a(q)(1)(C). We lack jurisdiction to review these reregistration and tolerance determinations, as any challenge to these determinations would be time-barred. *See* 7 U.S.C. § 136n(b); 21 U.S.C. § 346a(h)(1). In addition, this petition is moot as to any pesticides for which the EPA has already made final reregistration review determinations and to any pesticides for which the EPA has already imposed interim no-spray buffer zones, such as chlorpyrifos.